FILED
SALINE COUNTY
CIRCUIT CLERK

2024 JAN 23  AM 10: 42

## IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
## CIVIL DIVISION

**JOHN DOE**                                                      **PLAINTIFF** BY

**V.**                       CASE NO. 63CV-24-85-3

**G4S SECURE SOLUTIONS (USA) INC.;**
**RITE OF PASSAGE; and JOHN DOE**
**DEFENDANTS 1-10**                                     **DEFENDANTS**

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW the Plaintiff, John Doe, by and through his undersigned attorney, Joshua

D. Gillispie, and for his causes of action against these Defendants, states the following:

### PARTIES

1.     Plaintiff is an adult resident of the State of Arkansas. At all times relevant to the

tortious conduct alleged in this Complaint, Plaintiff was an unemancipated minor residing in

Alexander, AR, in Saline County. Plaintiff is filing pseudonymously as John Doe, as this matter

involves sexual abuse Plaintiff suffered as a child. His full name will be made available to

Defendants and can be filed in another pleading or document under seal with the Court as directed.

To disclose his name publicly would potentially subject him to further unnecessary harm.

2.     Defendant G4S Secure Solutions (USA) Inc. (G4S) is a foreign, for-profit

corporation registered to do business in the State of Arkansas. G4S's registered agent is

Corporation Service Company, located at 300 Spring Building, Suite 900, 300 S. Spring Street

Little Rock, AR 72201. At times relevant to this action, Defendant was under contract with the

Arkansas Division of Youth Services to manage and operate the Arkansas Juvenile Assessment

and Treatment Center (AJATC), located in Alexander, Arkansas.

3.     Defendant Rite of Passage (ROP) is a foreign, for-profit corporation registered to

do business in the State of Arkansas. ROP's registered agent is Incorp Services, Inc., located at

4250 Venetian Lane, Fayetteville, AR 72703. At times relevant to this action, Defendant was under contract with the Arkansas Division of Youth Services to manage and operate the Arkansas Juvenile Assessment and Treatment Center (AJATC), located in Alexander, Arkansas.

4.     GS4 and ROP will also be referred to herein collectively as "Defendants."

5.     Various individuals and entities not named as Defendants herein may have directly participated in the tortious conduct alleged herein, may have performed acts and made statements in furtherance thereof, or omissions, which contributed to or caused the tortious acts and resulting damages outlined in this Complaint, or provided insurance coverage for same. These various individuals and entities may be agents, affiliates, alter-egos, partners, joint-ventures or insurance carriers of the named Defendants. While actively engaged in the management, direction or control of its affairs, each of the John Doe unknown tortfeasors may have performed each of the acts alleged herein, or alternatively, each of the John Doe unknown tortfeasors authorized or ordered duly authorized officers, agents, employees, insurance carriers or representatives to perform said acts or omissions. These tortfeasors, upon information and belief, permitted tortious acts to be committed in Arkansas.

6.     To the extent that such John Doe tortfeasor(s) are liable for some or all of Plaintiff's damages, the identity of said tortfeasor(s) has not been determined as of this date and it is necessary to conduct discovery in order to determine the identity of said tortfeasor(s).  Pursuant to Ark. Code Ann. § 16-56-125, Plaintiff has attached as Exhibit 1 an Affidavit and incorporated it herein by reference to toll the statute of limitations for the wrongful actions and/or omissions alleged herein against the John Doe Defendants 1-10. If a John Doe Tortfeasor is identified for one or more of the causes of action listed below, Plaintiff will amend this Complaint in accordance with Ark. Code Ann. § 16-56-125.

## JURISDICTION & VENUE

7.      Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein.

8.      Jurisdiction is proper under Ark. Ann. § 16-13-201, which states that circuit courts shall have original jurisdiction of all actions and proceedings for the enforcement of civil rights or the redress of civil wrongs, except when exclusive jurisdiction is given to other courts. Jurisdiction is also proper under Ark. Const., Art. 7, § 11, which states that circuit courts shall have jurisdiction in all civil cases.  This Court has jurisdiction over the parties.

9.      Venue is proper under Ark. Code Ann. § 16-60-101(a), which states that all actions for damages for personal injury shall be brought in (1) the county in which a substantial part of the event or omissions giving rise to the cause of action accrued; (2) the county where an individual defendant resided at the time of the event or omission giving rise to the cause of action; or (3) in the county in which the plaintiff resided at the time of the event or omissions giving rise to the cause of action.  The actions or omissions giving rise to this action occurred in Alexander, Arkansas, in Saline County.

## FACTUAL ALLEGATIONS

10.     Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein.

11.     During all times relevant to this Complaint, G4S and/or ROP were private, for-profit corporations under contract with the Arkansas Division of Youth Services (DYS) to manage and operate the AJATC. Upon information and belief, ROP took over the contract from G4S at some point in 2016 while Plaintiff was a resident of AJATC.

12.     Plaintiff was a resident of AJATC in 2016. During Plaintiff's time at AJATC, a female staff member who was Defendants' employee and/or agent sexually abused Plaintiff multiple times while he was a minor. Upon information and belief, this perpetrating staff member was employed by G4S and then by ROP during Plaintiff's abuse.

13.     The female staff member, an African American woman of unusually large stature and tattooed on at least one arm, forced or coerced Plaintiff to masturbate while she watched and pleasured herself; fondled Plaintiff's genitals; and coerced him to fondle her breasts and butt, both above and underneath her clothes. This staff member shall be referred to herein as the "perpetrator."

14.     This abuse occurred in areas of the facility known as the dorm, "the pod," the "glass office," and Plaintiff's dorm room. Plaintiff believes the abuse was plainly visible to other residents of his dorm on at least one occasion.

15.     This female perpetrator attempted to secure Plaintiff's compliance by providing him contraband, as well as candy and extra food.

16.     This particular female perpetrator's proclivity for sexually exploiting teenage boys at the facility was an open secret known to the residents and to Defendants, both prior to and during the time of Plaintiff's abuse. The culture of AJATC had for years facilitated this type of conduct by staff towards minor residents, and this perpetrator acted with very little fear of consequences and very little concern for concealing her misdeeds. To be clear, Defendants routinely received and ignored complaints of sexual abuse from residents and had been doing so for years prior to these incidents. Defendants' custom is and was to turn a blind eye to staff members sexually abusing residents, thereby ensuring that corporate profits are not disrupted by the fallout of child sexual abuse properly reported.

17.     Moreover, Defendants were specifically aware of similar abusive conduct by this particular perpetrator prior to and during Plaintiff's abuse, having received complaints of similar misconduct by this perpetrator prior to Plaintiff's abuse. Despite this knowledge, Defendants took no steps to protect Plaintiff or prohibit this perpetrator's crimes.

18.     During Plaintiff's time at AJATC, Defendants controlled the operation, planning, staffing, training, management, and quality control of AJATC. Defendants' authority over AJATC included, but was not limited to, budgeting, marketing, human resources management, training, staffing, creation and implementation of all policy and procedures used at AJATC, quality care assessment and compliance, licensure, and certification.

19.     During his entire time at AJATC, Plaintiff, then a minor, was under the care and supervision of Defendants, and completely dependent on Defendants to provide him a safe living environment.

## CAUSES OF ACTION

### COUNT ONE– NEGLIGENT SUPERVISON

20.     Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein.

21.     Defendants were negligent in their supervision of this perpetrator. This negligence was a proximate cause of Plaintiff's damages described in this Complaint. Defendants knew, or in the exercise of reasonable care, should have known that she subjected Plaintiff and the other residents to an unreasonable risk of harm.

22.     Negligent supervision and retention cases hinge on the element of foreseeability of the employee's actions. There is always duty of reasonable care in the supervision of employees. However, when there is foreseeability, employers have a duty to control an employee for the

protection of third parties even where the employee is acting outside the scope of employment. *Regions Bank & Trust v. Stone County Skilled Nursing Facility, Inc.* 345 Ark. 555, 568, 49 S.W.3d 107, 115 (2001). This perpetrator's sexual abuse of Plaintiff was foreseeable to Defendants.

23.     In fact, it is "not necessary that the employer foresee the particular injury that occurred, but only that the employer reasonably foresee an appreciable risk of harm to others." *Saine v. Comcast Cable Vision of Arkansas, Inc.*, 354 Ark. 492, 126 S.W.3d 339 (2003). However, in this case, the particular injury suffered by Plaintiff was specifically foreseeable to Defendants.

24.     Defendants' negligent supervision of the perpetrator was a proximate cause of Plaintiff's injuries because his injuries were the natural and probable consequence of Defendants' negligence and ought to have been foreseen in light of attending circumstances existing at the time. See *Regions Bank & Trust v. Stone County Skilled Nursing Facility, Inc.* 345 Ark. 555, 568, 49 S.W.3d 107, 115 (2001).

25.     Here, Defendants knew, or in the exercise of reasonable care should have known, that the perpetrator presented a risk of danger to Plaintiff and other teenage boys. See *Regions Bank & Trust*, 345 Ark. At 568, 49 S.W.3d at 113. *See also Saine,* 354 Ark. At 497, 126 S.W.3d at 342. Defendants knew that this female perpetrator was prone to inappropriate interaction with teenage boys at AJATC. Despite this, Defendants did nothing to control her, prevent her from accessing Plaintiff, or to protect Plaintiff in any other respect.

26.     To the contrary, Defendants, upon information and belief, knowingly allowed the perpetrator to spend time alone with Plaintiff and other teenage boys. For all of the reasons described herein, Defendants breached their duty to Plaintiff, and their inaction is directly responsible for Plaintiff's injuries. Defendants knew or should have known that such inaction would result in the harm suffered by Plaintiff, which it did.

27.     Defendants knew or should have known the danger that perpetrator presented before, during and after the time in which Plaintiff was abused. Despite this knowledge, Defendants ignored the danger and permitted her to prey upon Plaintiff by failing to warn of the danger and failing to implement reasonable policies to prevent and identify child sexual abuse at the facility.

28.     For all the reasons described herein, Defendants breached their duty to Plaintiff. As a direct result of Defendants' negligent supervision of this perpetrator, Plaintiff has suffered injuries and damages in excess of the amount required for federal diversity jurisdiction.

## COUNT TWO: NEGLIGENT RETENTION

29.     Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein.

30.     Defendants were negligent in their retention of perpetrator. Defendants' negligence was a proximate cause of Plaintiff's damages described in this Complaint. Defendants knew, or in the exercise of reasonable care should have known, that she subjected Plaintiff and other boys at AJATC to an unreasonable risk of harm.

31.     For the reasons described throughout this Complaint, Defendants' decision to retain the perpetrator, and thus allow her to access teenage boys residing at AJATC, despite their knowledge of the danger she presented, was negligent and a proximate cause of Plaintiff's damages.

32.     For all the reasons described herein, Defendants breached their duty to Plaintiff. As a direct result of Defendants' negligent retention of this perpetrator, Plaintiff has suffered injuries and damages in excess of the amount required for federal diversity jurisdiction.

## COUNT THREE: NEGLIGENCE

33.     Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein.

34.     Defendants owed a duty of care to Plaintiff, as described herein.

35.     This duty included a duty to supervise Plaintiff, as well as a duty to supervise the perpetrator.

36.     At all relevant times hereto, Defendants were required to consider Plaintiff's capacity to care for himself and to protect him from foreseeable dangers created by his condition as a minor.

37.     At all relevant times hereto, Defendants owed a duty of ordinary care to the residents of AJATC, including Plaintiff.

38.     At all relevant times hereto, it was within the scope of Defendants' professional services to provide a safe environment for the children residing at AJATC.

39.     At all relevant times hereto, Defendants had a duty to protect the minors in its care against foreseeable harm.

40.     At all relevant times hereto, Defendants had a duty to furnish the care and attention reasonably required for the minor residents.

41.     Defendants breached its duties to Plaintiff.

42.     Defendants' breach of duty was a proximate cause of Plaintiff's injuries.

43.     The harm suffered by Plaintiff was foreseeable to Defendants, and Defendants knew or should have known that the perpetrator presented an unreasonable risk of harm to Plaintiff and other minors.

44.     At all relevant times hereto, Defendants and its agents had statutory and common law duties to monitor the welfare of the children and to report any suspected abuse or neglect of such children to authorities. They failed to do so.

45.     At all relevant times hereto, Defendants' employees and agents were mandated reporters, as defined in the Arkansas Child Maltreatment Act. They failed to meet their duties as mandated reporters.

46.     Defendants failed to put in place policies and protocols to keep residents of AJATC safe from sexual predation.

47.     For all the reasons described herein, Defendants breached their duty to Plaintiff. As a direct result of Defendants' negligence, Plaintiff has suffered injuries and damages more than the amount required for federal diversity jurisdiction.

### COUNT FOUR: VICARIOUS LIABILITY FOR NEGLIGENT OR OTHERWISE TORTIOUS ACTS AND OMISSIONS OF ALL AGENTS AND EMPLOYEES

48.     Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein.

49.     Defendants are vicariously liable for all acts and omissions of its agents and employees, implied or expressed, including specifically, but in no way limited to, the negligence of staff, supervisors, and administrators who turned a blind eye to rampant sexual abuse of residents by Defendants' staff at AJATC, creating the longstanding culture of child sexual abuse at AJATC that enabled Plaintiff's abuse by this perpetrator.

50.     Defendants are vicariously liable for all acts and omissions of its agents and employees, implied or expressed, including specifically, but in no way limited to, the negligence of staff, supervisors, and administrators who turned a blind eye to this perpetrator's sexual abuse of Plaintiff and other teenage boys.

51.     These staff members, supervisors, and administrators of Defendants were all acting within the course and scope of their authority and employment, and in furtherance of the interests of G4S and ROP, when they negligently allowed this perpetrator, whom Defendants had reason to believe posed a sexual danger to Plaintiff and other teenage boys, to have unfettered and unsupervised access to Plaintiff; and when they negligently failed to take any steps to prohibit the perpetrator's actions or to protect Plaintiff from the perpetrator.

52.     One or more agents of Defendants knew for a certainty that this perpetrator posed a sexual danger to Plaintiff and other teenage boys, but still did nothing to protect Plaintiff or report the perpetrator to law enforcement, thereby allowing Plaintiff's abuse to continue. It was in furtherance of the goals of G4S and ROP that these agents breached their duties to Plaintiff, as there was at minimum an implied corporate mandate to silence victims and keep the sexual abuse secret in order to avoid scandal, prying eyes, bad publicity, and, ultimately, a loss of earnings.

53.     Defendants' agents' negligence was a proximate cause of Plaintiff's damages, and it is imputed to G4S and ROP pursuant to the doctrine of respondeat superior.

54.     For all the reasons described herein, Defendants breached their duty to Plaintiff. As a direct result of their agents' negligence, which is imputed to Defendants, Plaintiff has suffered injuries and damages more than the amount required for federal diversity jurisdiction.

**COUNT FIVE: SEXUAL BATTERY – VICARIOUS LIABILITY FOR PERPETRATOR'S ACTONS**

55.     Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein.

56.     The perpetrator, an agent and employee of Defendants acting within the course and scope of her employment, wrongfully, intentionally, and by force made harmful physical sexual contact with Plaintiff, a minor.

57.     The sexual battery proximately caused Plaintiff's injuries, and it is imputed to G4S and ROP pursuant to the doctrine of respondeat superior.

58.     As a direct result of the battery, Plaintiff has suffered injuries and damages in excess of the amount required for federal diversity jurisdiction.

## COUNT SIX: TORT OF OUTRAGE

59.     Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein.

60.     Defendants willfully and wantonly engaged in extreme and outrageous conduct.

61.     G4S's and ROP's conduct, as described herein, proximately caused the injuries to Plaintiff described herein.

62.     Defendants betrayed the trust of Plaintiff and the community in the most egregious manner, given their foreknowledge of the danger posed by the perpetrator that they systematically ignored, thereby allowing the abuse of Plaintiff to occur.  Defendants' conduct was extreme, outrageous, and utterly intolerable in a civilized community.

63.     As a direct result of this outrageous conduct, Plaintiff has suffered injuries and damages more than the amount required for federal diversity jurisdiction.

## COUNT SEVEN: CIVIL ACTION BY A CRIME VICTIM

64.     Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein.

65.     The allegations contained herein meet the criminal statutory definitions of Sexual Assault in the First and Second Degrees. A.C.A. § 5-14-124 and § 5-14-125.

66.     Each act of sexual assault gives Plaintiff a civil cause of action pursuant to A.C.A. § 16-118-107.

67.     These crimes were a proximate cause of Plaintiff's injuries. As a direct result of these crimes, Plaintiff has suffered injuries and damages more than the amount required for federal diversity jurisdiction.

68.     Pursuant to A.C.A. § 16-118-107, Plaintiff shall be entitled to recover his costs *and attorney fees* when he prevails on this cause of action.

## DAMAGES

69.     Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein.

70.     As a direct result of Defendants' conduct described herein, Plaintiff has suffered childhood sexual abuse and resulting injuries, conditions, and damages as follows:

a.      Plaintiff has suffered and will continue to suffer great pain of mind and body;

b.      Severe and permanent emotional distress and mental anguish;

c.      Loss of self-esteem, humiliation, and shame; and

d.      Various psychological injuries, including but not limited to anxiety disorder(s), avoidance, denial, post-traumatic stress disorder, self-blame, panic disorder(s), intimacy struggles, phobias, low self-esteem, and psychosexual disorder(s).

71.     Plaintiff was prevented and will continue to be prevented from performing his normal daily activities and obtaining the full enjoyment of life; he has incurred and/or will incur expenses for medical and psychological treatment, therapy, and counseling.

## AMOUNT OF DAMAGES

72.     Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein.

73.     Plaintiff's injuries and damages are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases, for which Plaintiff should be awarded a

judgment as against Defendants in an amount to fully and fairly compensate him for each and every element of damages that has been suffered.

## PUNITIVE DAMAGES

74.    Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein.

75.    Defendants' conduct, as described herein, can only be described as willful and wanton, and in reckless disregard of the consequences, given all that was known about the specific risk posed to Plaintiff at the time of and prior to the onset of Plaintiff's abuse. Defendants displayed a conscious indifference to the rights, safety, and welfare of Plaintiff and other minors residing at AJATC.

76.    Plaintiff is seeking punitive damages to punish Defendants G4S and ROP, and to deter similarly situated corporations from engaging in this conduct.

## JURY DEMAND

77.    Plaintiff respectfully demands a trial by jury.

## RESERVATION OF ADDITIONAL CLAIMS

78.    Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his undersigned attorney, Joshua D. Gillispie, respectfully requests recovery for all damages previously pled herein, and for compensatory damages for the reasons previously pled and in an amount previously prayed for and/or allowed by common law or by statute, in an amount left to the sound discretion of the jury, but in an amount necessary to satisfy the jurisdictional limits of this Court or any other Court, unless said damages

are set, in whole or in part, by statute, for punitive damages, for his attorneys' fees and all costs

herein expended, and for all other relief to which Plaintiff is justifiably entitled.

Respectfully submitted,

Joshua D. Gillispie, Bar No. 2010131
**GILLISPIE LAW FIRM**
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
Phone: (501) 244-0700
Fax: (501) 244-2020
Email: josh@gillispielawfirm.com